```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                                :            By ECF
UNITED STATES OF AMERICA
                                                         SUPPLEMENTAL
                                                :     SENTENCING SUBMISSION
     -against-
                                                         04 Cr.  706 (DGT)
                                                :
JAMES SESSOMS,
                                                :
                    Defendant
---------------------------------------------------------x
```

    This supplemental submission is submitted on behalf of defendant, JAMES SESSOMS who is scheduled to be sentenced on October 5, 2010. I apologize for the late filing of this submission.  This submission relates to only one new issue, the failure of the superceding Indictment to provide the statutory citation or any reference to 18 USC § 924(c)(1)(C)(i), the section that requires that "in the case of a second or subsequent conviction under this subsection, the person shall - be sentenced to a term of imprisonment of not less than 25 years." Having not been trial counsel in this case, I simply overlooked this issue.  It was brought to my attention by Mr. Sessoms very recently[1].

    As your Honor is aware, Mr. Sessoms was convicted of one count of violating section 18 USC 924(c)(1)(A)(i), Count 10,  and one count of violating 18 USC 924(c)(1)(A)(ii), Count Seven. Under neither count was Mr. Sessoms charged under 18 USC 924(c)(1)(C)(i).  It is defendant's contention that the failure to properly charge this section of law that Mr. Sessoms was alleged to have violated bars a sentence under this subsection.

    For each count, Rule 7(c)(1) of the F.R.Cr.Proc. requires the indictment to provide the "official or customary citation of the statute, ... that the defendant is alleged to have violated."

---

[1] As been previously noted, Mr. Sessoms has always been a proactive client, showing an interest in his defense.  He has, at times, provided useful information and ideas to counsel.

Here, the indictment properly cited the entire section for the offense that would require either a five year mandatory minimum sentence, 18 USC 924(c)(1)(C)(i), Count 10, and the entire section that would require a seven year mandatory minimum sentence, 18 USC 924(c)(1)(C)(ii), Count 7.  However, the Indictment failed to allege the section that required a 25 year sentence instead of a 5 or 7 year sentence for his conduct, 18 USC 924(c)(1)(C)(i).

The government is likely to argue that Rule 7(c)(2) of the F.R.Cr.Proc. renders such error insignificant because defendant was not "misled and thereby prejudiced...." If the instant application was to dismiss the counts or the indictment, perhaps the government's argument would have some merit. This is not an application to dismiss or vacate the convictions, it is an application to sentence Mr. Sessoms for the criminal conduct of the citations provided in the indictment; nothing more, nothing less.

Was Mr. Sessoms prejudiced? He was prejudiced in at least two ways. First, since neither count cites the appropriate statute to authorize a 25 year sentence, which count should be the "first" and which count is the "second or subsequent conviction?"  Can it simply be decided by the number of the count, seven vs. ten even though Count Ten was committed prior to Count Seven?  Should the your Honor flip a coin to decide?

Further, as noted, *supra*, Mr. Sessoms tried to be active in his defense with trial counsel and has been with present counsel. The purpose of providing notice in an indictment is permit a defendant to make reasonable and rationale decisions when faced with an assortment of charges. As will be further developed in the appropriate forum, if necessary, the failure to follow the plain and simple requirements of F.R.Cr.Proc. Rule 7(c)(1) is to provide notice and not to mislead a defendant. As was demonstrated in previous submission, Mr. Sessoms was offered a plea agreement with a mandatory minimum of seventeen (17) years just prior to trial.  With the indictment charging offenses that even after conviction at trial he would face a mandatory seventeen (17) year sentence his ability to reasonable and rationally decide what he should do

was impaired - he was prejudiced.[2]

While I have not had sufficient time to locate an example of the Office of the United States Attorney for the Eastern District of New York properly citing the statutes in a multiple "924(c)" case, I do have one pending in the Southern District of New York, *United States v. Montilla*, 09 Cr. 195 (GBD) and have attached an excerpted copy of the indictment. *Exhibit A*. This exhibit indicates that the first firearms offense, Count 18, charges a violation of 18 USC 924(c)(1)(A)(iii) and Counts 19-23 charge 18 USC 924(c)(1)(C)(i) as well as the relevant section under 18 USC 924(c)(1)(A) should there be only a single conviction under the statute.

By citing 18 USC 924(c)(1)(C)(i), should there be multiple convictions under 924(c), it makes any citation to any (c)(1)(A) subsection inappropriate and superfluous for any of those subsections carry a 25 year sentence, whether it was a 5 year sentence under (c)(1)(A)(i), a 7 year sentence under (c)(1)(A)(ii), or a 10 year sentence under (c)(1)(A)(iii). For Counts 7 and 10 to have any meaning in the instant case, the penalties found in the cited sections must be used.

There are many cases where an indictment sets forth facts that demonstrate criminal conduct with a citation that was not exactly correct. The courts have consistently found that the words used in the indictment control over the citation. *See e.g. Russell v. United States,* 369 U.S. 749, 763, 764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962), *United States v. Chestnut* 533 F.2d 40 (2d Cir. 1976). Here, the words used to describe the offense and the statutory citation are the same, both giving notice of offenses that carry minimum sentences of 5 and 7 years, respectively. James Sessoms was convicted of violating one count of 18 USC 924(c)(1)(A)(i), and violating one count of violating 18 USC 924(c)(1)(A)(ii). He was not convicted of violating18 USC 924(c)(1)(C)(i).

While some courts have casually described 18 USC 924(c)(1)(C) as a recidivist statute[3],

---

[2] Additionally, the superceding indictment was filed less than two (2) weeks prior to jury selection on this case and trial counsel's request for an adjournment of the trial was denied.

[3] *United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010).

3

it does not fit within the definition of such. "Recidivism is defined as '[a] tendency to relapse into a habit of criminal activity or behavior.' Black's Law Dictionary 1021 (7th ed.2000). The words 'tendency' and 'habit' are terms inclusive of a person's total criminal history, **not just to some crime which may happen to immediately precede a sentencing**." *United States v. Soto-Ornelas* 312 F.3d 1167, 1170 (10th Cir. 2002) (*emphasis added*).

Nevertheless, the government may seek to cite *Almendarez-Torres v. U.S.* 523 U.S. 224, 118 S.Ct. 1219 (1998) and *Harris v. United States*, 122 S.Ct 2406, 536 U.S. 545 (2002) in support of its position that the indictment need not set forth the relevant sections of the statute. However, both cases were decided before the Supreme Court made it clear that an increase in what the sentence would be, not just an increase in the maximum permissible sentence, requires constitutional protection. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

Neither is the increase in punishment under 18 USC 924(c)(1)(C)(i) provide merely for an incremental increase in the minimum sentence as does 18 USC 924(c)(1)(B)(ii). *Harris* 122 S.Ct at 2406, *United States v. O'Brien* 130 S.Ct. 2169, 2177 (2010). To cause such an extreme increase to a sentence without a citation to the statute nor a description in the indictment runs counter to the constitutional protections and statutory scheme. *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) may have wreaked havoc on the English language and added a new category of increased sentencing not related to actual recidivism, it did not, however, change the requirement of openness and fairness requirement for sentencing purposes.

Therefore, we respectfully request that your Honor sentence Mr. Sessoms to the mandatory minimum ten (10) years for his conviction under 21 U.S.C. § 841(b)(1)(A) consecutive with the seven (7) mandatory minimum sentence under 18 USC 924(c)(1)(A)(ii).

Dated:   New York, New York
         September 30, 2010

                                        Respectfully submitted,

                                               /s/

                                        SAM A. SCHMIDT   SS9906
                                        Attorney for Defendant
                                        111 Broadway Suite 1305
                                        New York, New York 10007

To:   HONORABLE DAVID G. TRAGER
      United States District Judge
      United States District Court
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, N.Y.  11201

      HONORABLE LORETTA E. LYNCH
      United States Attorney
      Eastern District of New York
      Brooklyn, New York 11201
      Attn.:  AUSA James Loonam

      CLERK OF THE COURT
      United States District Court
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, N.Y.  11201