```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                            MEMORANDUM
                                            Case No. 04-CR-706
JAMES SESSOMS,

                   Defendant.
--------------------------------------------------x
```

*Appearances:*

For the United States:
CHAND W. EDWARDS-BALFOUR
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

For the Defendant:
SAM ALLEN SCHMIDT
111 Broadway, Suite 1305
New York, New York 10006

**BLOCK, Senior District Judge:**

     James Sessoms is currently serving a sentence of 35 years, over 70% of which is attributable to the prosecutorial practice known as "stacking" of convictions under 18 U.S.C § 924(c).  Were he sentenced today, Sessoms would face a mandatory minimum sentence of 17 years.

     Based on that sentencing disparity and other factors, Sessoms moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Because he has appealed a denial of his motion under 28 U.S.C. § 2255 challenging the constitutional effectiveness of his trial counsel, the circuit court currently has jurisdiction over the judgment of conviction and sentence.  Therefore, I am

1

entering this memorandum as an "indicative ruling" under Federal Rule of Criminal Procedure 37(a)(3). Sessoms's counsel has stated that, if I grant the motion for compassionate release, he will consider withdrawing his appeal.

## I

In 2005 Sessoms was charged with several crimes arising out of his membership in Cash Money Brothers ("CMB")—a drug gang operating in Bedford Stuyvesant, Brooklyn—including racketeering, kidnapping, attempted robbery, drug distribution, and one count of use of a firearm in connection with the kidnapping/attempted robbery. After Sessoms declined a plea offer requiring him to cooperate against his co-defendants, the government superseded the indictment to add a second firearms charge.

After a month-long jury trial, Sessoms was convicted on all counts in 2006. In preparation for sentencing, Judge Trager bemoaned the then-applicable mandatory minimum sentence: "Although Mr. Sessoms deserves a substantial sentence, I don't think 35 years is appropriate. But right now I have no discretion here." Tr. of Aug. 27, 2009, at 10. He then adjourned the sentence to allow for the possibility that pending legislation might mitigate that harsh result.

After Judge Trager passed away, the case was reassigned to me. I sentenced Sessoms to the mandatory minimum of 35 years. The Second Circuit affirmed the conviction and sentence in 2012.

## II

When Sessoms was sentenced, § 924(c) mandated a consecutive sentence of 25 years "[i]n the case of a second or subsequent conviction under this subsection." 18 U.S.C. § 924(c)(1)(C)(i) (2011). In *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court held that the mandate applied to multiple convictions in a single proceeding. *See id.* at 131. As Justice Stevens presciently observed in dissent, the ruling would give prosecutors "considerable discretion in deciding how many § 924(c) offenses to charge in relation to a criminal transaction or series of transactions." *Id.* at 145. Hence the aforementioned practice of "stacking" that led to such Draconian sentences for Sessoms and countless others.

Congress finally recognized the manifest unfairness of the situation in 2018. The First Step Act ("FSA") of that year amended § 924(c)(1)(C)(i) to "clarif[y]" that the 25-year penalty applies only to violations "that occur[] after a prior conviction of this subsection has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222. It did not make the change retroactive. *See id.* § 403(b), 132 Stat. at 5222.

At the same time, however, Congress amended the compassionate release statute, which allows the sentencing court to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling circumstances warrant

such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Previously, that authority could be invoked only "upon motion of the Director of the Bureau of Prisons." *Id.* (2011). Under the FSA, it can now also be invoked "upon motion of the defendant after the defendant has fully exhausted all administrative rights." Pub. L. No. 115-391, § 603(b)(1), 132 Stat. at 5239.

### III

Sessoms's compassionate release motion entails three inquiries: Has Sessoms exhausted his administrative remedies? Are there extraordinary and compelling circumstances warranting a sentence reduction? What is an appropriate sentence under the § 3553(a) factors? As exhaustion is undisputed, I need not address it.

**A.    Extraordinary and Compelling Circumstances**

In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237.[1] "The only

---

[1] Six other circuits agree. *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021); *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), however, the Eleventh Circuit reached a contrary

statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237-38 (quoting, with emphasis, 28 U.S.C. § 994(t)).

The abolition of stacking is arguably itself an extraordinary and compelling circumstance. At first blush, that conclusion is in tension with Congress's decision not to make that landmark change retroactive. Recall, however, that the stacking provision was enacted at the same time as the broadening of the compassionate release statute. As one court reasoned, "[i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." *United States v. Maumau*, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021). At oral argument, I described this new regime as a "stacking-plus dynamic." Tr. of June 25, 2021, at 14.

Sessoms presents several cogent "plus" factors. First and foremost is the simple fact that the sentence I was required to impose in 2011 was, in my opinion, too severe. *Brooker* confirms that this is a proper consideration. *See* 976 F.3d at

---

conclusion, holding that "the [Sentencing] Commission's definition of 'extraordinary and compelling reasons' binds district courts." *Id.* at 1251. The defendant in *Bryant* petitioned for certiorari, but the Supreme Court has not yet decided whether to resolve the conflict.

238 ("[T]he sentencing court's statements about the injustice of his lengthy sentence might perhaps weigh in favor of a sentence reduction."). I readily endorse Judge Trager's observation that Sessoms's legally mandated sentence was excessive. *Accord United States v. Haynes*, 456 F. Supp. 3d 496, 506 (E.D.N.Y. 2020) ("No reasonable observer could dispute the unfairness and excessiveness of the sentence Haynes is serving."); *United States v. Reid*, 2021 WL 837321, at *2 (E.D.N.Y. Mar. 5, 2021) ("I have never imposed a sentence anywhere near this [119 years] or seen a situation like that; and it makes it very difficult to be in my position.").

Second, Sessoms has made extraordinary efforts toward rehabilitation. He has an outstanding work performance record and has completed some 44 educational and vocational courses; the leaders of one such course—The Focus Forward Project—write that he was "a star student," "never missed an assignment," and "added meaningful contributions to every class." Letter from Sam A. Schmidt (Mar. 26, 2021), Ex. G. To be sure, Sessoms has several disciplinary infractions, the most recent in 2019. Most are minor but even the most serious—alleged possession of makeshift weapons—does not detract from his overall performance as an inmate. *Accord Reid*, 2021 WL 837321, at *3 (granting

6

sentence reduction to defendant with seven infractions).[2]

Finally, Sessoms undoubtedly incurred a "trial penalty" for not pleading guilty. As was so often the case when the possibility of stacking was on the table, the government added the second § 924(c) charge shortly after Sessoms refused to cooperate. That is not to say that the charge was brought "in direct retaliation," as in *Haynes*, 456 F. Supp. 3d at 499. After all, the government offered a plea without a second § 924(c) charge during jury selection. Sessoms was unable to accept because it was a global offer that his co-defendant, Kenwayne Jones, refused.

Nevertheless, the effect of Sessoms's decision to go to trial is unmistakable. Other indicted members of CMB who pleaded guilty without cooperating received far more lenient sentences (generally 10-12 years).[3]

In sum, the change in the law, coupled with the "plus" factors discussed above, convinces me that Sessoms has established extraordinary and compelling circumstances warranting a sentence reduction.

---

[2]Sessoms disputes the weapons infractions. Since the validity of the charges would not affect my conclusion, I need not hold an evidentiary hearing.

[3]Cooperating members also received lighter sentences. As Sessoms acknowledges, however, cooperation entails a vastly different set of considerations.

7

**B.     § 3553(a) Factors**

The next task is to determine an appropriate sentence under the familiar § 3553(a) factors.[4] Sessoms, who has served a little more than 16 years of his original sentence, argues for a reduction to time served. The government argues that no reduction is warranted.

I reserve my final decision on that issue pending a full resentencing proceeding, during which both Sessoms and the government can make written and oral submissions. In the meantime, I assure the parties that I will consider the seriousness of Sessoms's crimes. That being said, the current mandatory minimum for those crimes is 17 years. As it happens, the government's last plea offer was for the same amount. I may decide that a higher sentence is appropriate, but it seems that 17 years would, at least in some circumstances, adequately satisfy the § 3553(a) factors. It is, therefore, a useful starting point for discussion.

## III

For the foregoing reasons, I would grant Sessom's motion for compassionate

---

[4]Another possible consideration is whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). It is not clear that this consideration applies here, since *Brooker* "read the Guideline as surviving, but now applying only to those motions that the BOP has made." 976 F.3d at 235-36. In any event, it essentially overlaps with § 3553(a)(2)(C), which requires consideration of the need "to protect the public from further crimes of the defendant."

release were the Second Circuit to remand the case for that purpose.   Pursuant to

Federal Rule of Criminal Procedure 37(b), Sessoms shall notify the circuit clerk of

this memorandum.


                                                        /S/ Frederic Block_____
                                                       FREDERIC BLOCK
                                                       Senior United States District Judge

Brooklyn, New York
October 6, 2021